NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MELISSA C., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, X.C., T.H., *Appellees*.

No. 1 CA-JV 19-0226
FILED 11-26-2019

Appeal from the Superior Court in Yavapai County
No. P1300JD201700093
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Michelle R. Nimmo
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Judge James B. Morse Jr. joined.

---

**C R U Z**, Judge:

¶1        Melissa C. ("Mother") appeals the juvenile court's order terminating her parental relationship to her children, X.C. and T.H.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        X.C. was born in November 2009 to Mother and Joseph B. T.H. was born in February 2015 to Mother and Michael H.

¶3        Mother and Michael H. have a long history of domestic violence and substance abuse.  In August 2017, the Department of Child Safety ("DCS") received a report that Mother and Michael H. were intoxicated and involved in a violent altercation that involved a knife and Mother firing a gun.  X.C., T.H. and another child of Mother's, S.W.,[1] were present in the home during the incident.  Shortly after, DCS filed dependency petitions alleging X.C. and T.H. were dependent as to Mother due to Mother's neglect by exposing the children to domestic violence, failing to protect, and substance abuse.

¶4        Though Mother obtained an order of protection against Michael H. after the August 2017 incident, she withdrew it soon after and Michael H. moved back into the home without Mother or Michael H. notifying DCS.  Later, DCS investigators went to the home and found drug paraphernalia within the children's reach.  DCS also received a report from T.H.'s daycare that Mother picked up T.H. on numerous occasions smelling of alcohol.  Mother agreed to drug testing, and tested positive for cocaine, benzoylecgonine, and cocathylene.  The children were then removed from Mother's custody and placed into two separate placements in December 2017.

¶5        Mother was offered numerous services, including psychological evaluations, domestic violence classes, parenting classes,

---

[1]        S.W. is not a part of this termination proceeding.

visitation, drug testing, psychotherapy, counseling, Alcoholics Anonymous meetings, and weekly contact with a support person from Family Involvement Center. However, Mother continued to consume alcohol and engage in domestic violence with Michael H. In December 2017, Mother was arrested for threatening Michael H. with a hammer during an altercation in their home.

¶6        In June 2018, Michael H. received treatment for a stab wound to his torso. Michael H. and Mother denied Mother was involved and they alleged that they were attacked after walking home from a bar. Mother admitted to consuming alcohol that evening and police reported she also had scratch marks and bruises on her face and neck. S.W. told police that Mother confessed to him that she had stabbed Michael H. In August 2018, Mother was reportedly observed drinking alcohol. In February 2019, law enforcement was called to the side of the freeway where Mother and Michael H. were involved in another physical altercation. Mother admitted to law enforcement that she had been drinking.

¶7        In March 2019, the juvenile court granted DCS' request to change the case plan to severance and adoption. A severance hearing was held in June 2019. The juvenile court terminated Mother's parental rights to X.C. and T.H. on the grounds that she neglected the children by exposing them to domestic violence, she was unable to discharge her parental duties due to a history of chronic substance abuse, and she had failed to remedy the circumstances that caused her children to remain in an out-of-home placement for more than fifteen months.

¶8        Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 8-235, 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

¶9        The right to custody of one's children is fundamental, but it is not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000). The juvenile court may terminate a parent-child relationship if it finds at least one statutory ground for severance under A.R.S. § 8-533(B), and that termination is in the child's best interests. *Id.* "The juvenile court, as the trier of fact in a termination proceeding, is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002). Accordingly, this court does not reweigh the evidence, and will look only to determine if there is reasonable evidence

to sustain the court's ruling. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47 (App. 2004). We accept the court's factual findings if reasonable evidence supports them and will affirm its severance ruling unless it is clearly erroneous. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3, ¶ 9 (2016).

¶10 Under A.R.S. § 8-533(B), a juvenile court may terminate a parental relationship if

> [t]he child has been in an out-of-home placement for a cumulative total period of fifteen months or longer pursuant to court order or voluntary placement pursuant to § 8-806, the parent has been unable to remedy the circumstances that cause the child to be in an out-of-home placement and there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the near future.

A.R.S. § 8-533(B)(8)(c).

¶11 Mother argues that there is no clear and convincing evidence that she has been unable to remedy the circumstances that cause her children to remain in out-of-home placement. Mother contends that she has successfully completed all reunification services. However, A.R.S. § 8-533(B)(8)(c) is concerned with whether the parent has been able to remedy the circumstances and whether the parent is likely to remedy the circumstances in the near future, not whether the parent has made good faith attempts to remedy the circumstances.

¶12 Mother argues that she has consistently tested negative for substances. "Generally, a parent's 'temporary abstinence from drugs and alcohol does not outweigh [her] significant history of abuse or [her] consistent inability to abstain during [the] case.'" *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 17 (App. 2016) (quoting *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 29 (App. 2010)). The failure to abstain from substances in the face of a pending severance, is proof that a parent has not remedied the substance abuse that caused the children to be removed from the parent's custody. *Raymond F.*, 224 Ariz. at 379, ¶ 29.

¶13 Despite the ongoing dependency and termination proceedings, and despite Mother's participation in rehabilitative services, the court found that Mother had continued to abuse alcohol. Mother tested positive for substances in November 2017 and January 2018, she was reportedly observed consuming alcohol in August 2018, and she admitted to consuming alcohol in February 2019.

**¶14** Additionally, the court found that Mother continued to engage in domestic violence, and she was involved in a domestic dispute as recent as February 2019. Regardless of any good faith attempts to remedy the circumstances that caused X.C. and T.H. to remain in out-of-home placement, there is reasonable evidence to suggest that Mother has not remedied the circumstances that caused X.C. and T.H. to remain in out-of-home placement. The court did not err.

**¶15** We affirm the court's order terminating the parental relationship on the grounds of out-of-home placement, and so "we need not consider whether the trial court's findings justified severance on the other grounds announced by the court." *Michael J.*, 196 Ariz. at 251, ¶ 27.

## CONCLUSION

**¶16** We affirm the juvenile court's order terminating the parental relationship between Mother and her children, X.C. and T.H.

